```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
```

UNITED STATES OF AMERICA,

        -against-                          **MEMORANDUM & ORDER**

                                                  05-CR-33 (NGG)

DAMON LUCKY,

                Defendant.

```
-------------------------------------------------------------------X
```
NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant's motion to dismiss his term of supervised release, which was imposed pursuant to a criminal judgment dated April 18, 2008. (Mot. to Dismiss ("Def. Mot.") (Dkt. 112).) For the reasons discussed below, Defendant's motion is DENIED.

## I. BACKGROUND

On January 11, 2007, Defendant was found guilty after a two-day jury trial pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2) of possession of a firearm after having previously been convicted of a felony. (J. (Dkt. 91).)

Prior to sentencing, the Probation Department prepared a Pre-Sentence Investigation Report ("PSR"), which laid out sentencing options and calculated the applicable guideline custody range under the U.S. Sentencing Guidelines ("USSG" or "Guidelines"). See Fed. R. Crim. P. 32(c). According to the PSR, on December 13, 2004, a firefighter observed a man discharge a firearm into a crowd of people at the corner of Park and Nostrand Avenues in Brooklyn. (PSR (filed under seal) (Dkt. 127) ¶ 2.) The shooter sped off in a black GMC Envoy. (Id.) Two days later, police located and stopped the GMC Envoy. (Id. ¶¶ 2-3.) The officers asked Defendant to remove his hands from the steering wheel, but he refused to do so. (Id. ¶ 3.)

When Defendant refused to exit the vehicle he was pulled out of the car by the officers. (Id.) Upon searching the Defendant, officers found a Star 9 millimeter semi-automatic pistol loaded with nine rounds of ammunition. (Id. ¶¶ 3-4.)

The PSR calculated Defendant's base offense level under the Guidelines to be twenty-two, since the Defendant committed the offense subsequent to a felony conviction for a crime of violence. (See id. ¶ 10 (citing USSG § 2K2.1(a)(3)(B)).) Two levels were added because the offense involved a stolen firearm (id. ¶ 11 (citing USSG § 2K2.1(b)(4)(A)), and Defendants' criminal history qualified him as a Category VI criminal (id. ¶ 32.) Based on these findings, the PSR calculated the Guidelines sentencing range to be 100 to 120 months imprisonment. (Id. ¶ 47.) The PSR also set forth the sentencing judge's options concerning supervised release; it noted that under 18 U.S.C. § 3583 Defendant was eligible for a term up to three-years supervised release and that the Guidelines provided that a term of "at least 2 but not more than 3 years is required." (Id. ¶¶ 48-49 (citing USSG §§ 5D1.1(a), 5D1.2(a)(2)).)

On March 9, 2004, Judge David G. Trager sentenced Defendant to ninety-six months imprisonment and three-years supervised release. (J. at 2-3.) At the sentencing hearing, Defendant's sister, Robin Lucky, asked the judge for a reduced sentence in light of their family circumstances. (Sentencing Tr., Mar. 9, 2004 (Dkt. 12) at 21.) The court applied a downward departure from the Guidelines, noting: "For the sake of [Robin Lucky] and the burden that [Defendant has] put on her . . . I'm going to give [Defendant] a moderate reduction from really what [Defendant] should serve." (Id. at 26.)

Defendant appealed from his conviction but did not appeal his sentence. United States v. Lucky, 569 F.3d 101 (2d Cir. 2009). The Second Circuit affirmed the conviction. Id. at 108. Defendant then moved to vacate his sentence pursuant to 28 U.S.C. § 2255, which was also

2

denied. Lucky v. United States, No. 10-CV-3961 (JG), 2011 WL 2133492, at *7 (E.D.N.Y. May 25, 2011).

On November 18, 2011, Defendant filed the instant pro se motion to dismiss his term of supervised release pursuant to 18 U.S.C. § 3583. (See Def. Mot.) First, Defendant argues that supervised release "was imposed erroneously and does not apply to him." (Def. Mot. at 1.) Specifically, he argues that because supervised release was not statutorily mandated in his case, the sentencing judge erred by imposing a three-year. (See Id.; Response to Gov't Opp'n ("Def. Response") (Dkt. 124) at 1.) Defendant additionally requests early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). (Def. Response at 3.) Finally, Defendant contends that the three-year term of supervised release violates his constitutional rights and extends his sentence beyond the ten-year maximum provided in 18 U.S.C. § 924 (a)(2). (Id. at 2-3.)

## II. DISCUSSION

Defendant's three-year term of supervised release was imposed pursuant to 18 U.S.C. § 3583(a), which provides that "[t]he court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, *may include* as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a) (emphasis added). Indeed, supervised release is only mandatory "if such a term is required by statute or if the defendant has been convicted for the first time of a domestic violence crime . . . ." Id. In all other sentences involving imprisonment, the court has the discretion to impose supervised release.

As the Government rightly acknowledges, Judge Trager was not statutorily required to include a term of supervised release in Defendant's sentence. (See Gov't Opp'n at 3.) However, Defendant contends that because supervised release was not mandatory it was improperly

3

imposed by the court. This is not so. As § 3583(a) makes clear, even if supervised release was not required by law, Judge Trager had the discretion to impose a term of supervised release to follow Lucky's term of imprisonment. See United States v. Mendez, 691 F. Supp. 656 (S.D.N.Y. 1988) ("Section 3583(a) simply makes supervised release following imprisonment available as a general matter...."). In fact, because Defendant was convicted of a Class C felony, see 18 U.S.C. § 3559(a)(3), a term of supervised release "not more than three years" was authorized by 18 U.S.C. § 3583(b). Judge Trager's decision to impose the full three years of supervised release therefore was permissible.

Judge Trager's decision to include a term of supervised release also was consistent with the Guidelines. At the time of Defendant's sentencing, § 5D1.1 provided that "[t]he court shall order a term of supervised release to follow imprisonment when a sentence of imprisonment of more than one year is imposed, or when required by statute." USSG § 5D1.1(a) (2007). (See also PSR ¶ 48.) For a Class C felony, the Guidelines recommended a term of "[a]t least two but not more than three years." See USSG § 5D1.2(a)(2) (2007). Thus, the three-year term imposed by Judge Trager was consistent with the Guidelines' recommendation. Because the term of supervised release included in Defendant's sentence was both statutorily permissible and consistent with the applicable Guidelines, the court rejects Defendant's contention that his term of supervised release was wrongfully imposed. See, e.g., Brown v. United States, No. 02-CV-9305, 2003 WL 22047879, at *1 (S.D.N.Y. Aug. 29, 2003) (rejecting challenge to term of supervised release given clear statutory authority).

Second, to the extent Defendant moves for early termination of his supervised release pursuant to § 3583(e)(1), his motion is denied as premature. Section 3583(e)(1) provides that the court may "terminate a term of supervised release and discharge the defendant released at any

time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Since Defendant is still serving his term of imprisonment and has not begun his term of supervised release, Defendant's motion is premature. See, e.g., United States v. Rocha, No. 99-CR-397-9, 2012 WL 896272, at *2 (N.D. Ill. March 14, 2012) (holding that defendant's motion for early termination of supervised release was premature until at least one year of his supervised release had elapsed).

Finally, the court finds Defendants' constitutional claims to be without merit. Defendant argues that his Fifth and Ninth Amendment rights have been violated because the combined sentence imposed by the sentencing court—ninety-six months imprisonment and three-years supervised release—exceeds the maximum ten-year sentence allowable under 18 U.S.C. § 924(a)(2).[1] (Def. Response at 2-3.) However, the ten-year limitation in § 924(a)(2) plainly applies only to terms of imprisonment, and not supervised release authorized under § 3583. See 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates [18 U.S.C. 922(g)] shall be fined as provided in this title, *imprisoned* not more than 10 years, or both." (emphasis added)); see also United States v. Jenkins, 42 F.3d 1370, 1371 (11th Cir.1995) ("The circuits which have decided this issue directly have held that courts can order supervised release in addition to the maximum term of imprisonment available by statute, noting that § 3583(a) allows the district court to include supervised release as 'part of the sentence,' not as part of the imprisonment." (citations omitted)); Brown, 2003 WL 22047879, at *1 (rejecting the same argument as "without merit"); Stinson v. United States, No. 94-CR-50 (AHN), 1999 WL 305483, at *1 (D. Conn. Apr. 20, 1999) ("Congress 'authorized a period of supervised release to be imposed *in addition to* the

---

[1] Though Defendant cites 18 U.S.C. § 922(g) in his response to the Government's opposition (Def. Response at 3), the ten-year maximum he refers to is located in § 924(a)(2).

maximum term of imprisonment,' and recognized that, 'supervised release would be a *separate part* of the defendant's sentence[.]'" (citations omitted)).

Defendant also contends that his term of supervised release, when taken together with the term of imprisonment imposed by the sentencing court, "puts him in jeopardy twice for the same crime" in violation of the Fifth Amendment. (See Def. Response at 2.) This is incorrect. Defendant fails to appreciate that both his terms of imprisonment and supervised release are part of the same sentence for his original conviction. See United States v. Amer, 110 F.3d 873, 884 (2d Cir. 1997) (rejecting similar double jeopardy claim because the defendant "fail[ed] to realize that the entire sentence, including the period of supervised release, is the punishment for the original crime . . . ." (citations and internal quotation marks omitted).

## III. CONCLUSION

For the foregoing reasons, Defendant's motion is DENIED in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
June 3⁰, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge